■ GROSSMAN STEEL AND ALUMINUM CORPORATION, Appellant, v SAMSON WINDOW CORPORATION et al., Respondents. — In an action by a subcontractor to recover the balance due on a subcontract and the value of "extra" work, in which the general contractor, *inter alia,* counterclaimed to recover for backcharges assessed by the owner allegedly due to the subcontractor's unsatisfactory performance, plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County, dated February 1, 1979, as, after a nonjury trial, (1) dismissed without prejudice its claim for the balance due on the subcontract and in dismissing the general contractors' claims relating to backcharges, did so without prejudice to renew upon the resolution of certain pending disputes between the general contractor and the State University Construction Fund, and (2) dismissed with prejudice its claim for "extra" work allegedly performed. Order and judgment modified, on the law, by (1) deleting (a) the fourth and fifth decretal paragraphs and (b) from the second decretal paragraph thereof, everything beginning with the words "and without prejudice" and substituting therefor, the words "with prejudice", (2) adding thereto a provision granting judgment to the plaintiff against all the defendants in the sum of $35,000, with interest from October 29, 1975. As so modified, order and judgment affirmed insofar as appealed from, without costs or disbursements, and action remitted to Special Term for entry of an appropriate amended judgment. The subcontract in question provides, in part: "Retained percentages will be paid to [plaintiff Grossman Steel and Aluminum Corp.] as and when [defendant Samson Window Corp.] receive[s] such payment from the [State University Construction Fund] and in the same proportions." We find that plaintiff subcontractor is entitled to payment of the retained percentage in the sum of $35,000, which represents the balance due on its subcontract with defendants Samson Window Corporation (Samson) and Flour City Architectural Metals (Flour) despite the fact that the State University Construction Fund has not yet paid said defendants (cf. *Sturdy Concrete Corp. v Nab Constr. Corp.,* 65 AD2d 262, app dsmd 46 NY2d 938; *Schuler Haas Elec. Co. v Aetna Cas. & Sur. Co.,* 49 AD2d 60, affd 40 NY2d 883). While the general contractor (defendants Samson and Flour) alleges that the delay in payment from the owner, the State University Construction Fund, is due to backcharges relating to cleanup, Occupational Safety and Health Act violations and temporary enclosures, attributable in part to plaintiff's unsatisfactory performance, there is insufficient evidence in the record that the delay in payment was in fact due to any acts or omissions on the part of plaintiff. Therefore, defendants Samson's and Flour's claims as to such backcharges should have been dismissed with prejudice (cf. *Sturdy Concrete Corp. v Nab Constr. Corp., supra).* As to plaintiff's claim for the value of "extra" work, we agree with Trial Term that pursuant to the terms of the subcontract, such work was to be performed as part of the subcontract, and does not constitute "extra" work outside of the subcontract. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.