■ WILLIAM H. LANE, INC., Respondent, v AMERICAN DRUGGISTS' INSURANCE COMPANY, Appellant. — Mikoll, J. Appeal from that part of an order of the Supreme Court at Special Term (Fischer, J.), entered November 27, 1984 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

In December 1981, Tri-Porte Construction Corporation (Tri-Porte) entered into a contract with the State University Construction Fund (SUCF) under which it became general contractor of a project at the State University of New York (SUNY) at Binghamton. The contract provided that upon acceptance of all the work, Tri-Porte would submit a final application for payment and, upon approval by SUCF and the architect, Tri-Porte would receive final payment. Defendant, as surety, executed a payment bond with Tri-Porte as principal, under which the two bound themselves to pay all subcontractors for labor and material on the project. In January 1982, plaintiff entered into a subcontract with Tri-Porte which provided that final payment

would be due when plaintiff's work was fully completed and performed in accordance with the contract documents and to the satisfaction of the project architect. It also provided that if the architect did not issue a certification for payment or Tri-Porte did not receive payment for any reason that was not plaintiff's fault, Tri-Porte must pay plaintiff on demand. Final payment to plaintiff was due "Per contract of General Contractor with the Owner". The contract provided that: "Upon acceptance of all the work * * * the Contractor shall prepare and submit to the Fund and the Architect, for their approval, a final application for payment, which the Fund, within thirty (30) days after its approval of same, shall pay."

Plaintiff commenced this action against defendant on the payment bond on March 6, 1984. Defendant moved for summary judgment on the ground that plaintiff's action was time barred under State Finance Law § 137 (4) (b). The first issue to be resolved is whether Special Term was correct in holding that plaintiff's opposing affidavit was sufficient to defeat defendant's motion for summary judgment.

Defendant contends that plaintiff's affidavit, sworn to by his counsel, is insufficient to defeat defendant's motion because it is not based on personal knowledge. This contention is not well founded. The affidavit by plaintiff's attorney refers to relevant documents already before the court and correspondence between plaintiff and Tri-Porte indicating that work done by plaintiff under its subcontract with Tri-Porte extended into April 1983 and that the commencement of the instant suit was within the one-year limit set forth in State Finance Law § 137 (4) (b). We therefore conclude that plaintiff's affidavit, supported by the documents to which it refers, is sufficient to defeat a motion for summary judgment (*see, Gaeta v New York News*, 62 NY2d 340).

The second issue before us is whether there exists a question of fact as to when payment under the contract became due and whether plaintiff processed its claim within the time strictures of State Finance Law § 137 (4) (b). The case of *Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.* (49 AD2d 60, *affd* 40 NY2d 883) is instructive on the issue of when payment becomes due under such circumstances. In a case where there is no issue concerning the subcontractor or its work, payment provisions like the ones in the contract and subcontract should not be construed as a condition precedent to payment of the subcontractor, but rather a postponement of payment for a reasonable time after completion of the work to permit the general contractor an opportunity to obtain funds from the owner (*see also, Grossman Steel & Aluminum Corp. v Samson Window Corp.*, 78 AD2d 871,

*affd* 54 NY2d 653; *Colonial Roofing Corp. v John Mee, Inc.,* 105 Misc 2d 140, 144-145).

Plaintiff contends that it claims under the payment bond was timely since its last work for Tri-Porte was done on April 19, 1983 and approved under the terms of its contract with Tri-Porte. Plaintiff also argues that payment to the general contractor was not forthcoming partially because of plaintiff's improper performance and because the contract and subcontract indicated that credit risk was to be shifted to the subcontractor. Therefore, the payment to the contractor should be construed as a condition precedent to payment of the subcontractor. Relying on the fact that the State Finance Law is patterned in part on the Miller Act (40 USC §§ 270a-270e), defendant contends that the starting point for the limitation period here was the last day when final payment under claimant's subcontract became due, which was November 1, 1982. Finally, defendant argues that the additional work done in April 1983 was corrective in nature and that work done under a "punch list" does not toll or suspend the Statute of Limitations (*see, United States For Use Of Magna Masonry v R. T. Woodfield, Inc.,* 709 F2d 249, 251).

We conclude that the issue of when payment was due is obviously not clear cut and is one needing resolution by the trier of the facts. The matter is, therefore, unsuitable for summary judgment.

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine an Harvey, JJ., concur.