(November 28, 1988)

■ Action Interiors, Inc., Respondent, v Component Assembly Systems, Inc., Appellant.—In an action by a subcontractor to recover the balance due on a contract and the value

of "extra" work, the defendant appeals from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated July 6, 1987, which granted summary judgment in favor of the plaintiff and leave to enter a money judgment in the sum of $54,882.54 plus costs, interest and disbursements, and (2) a judgment of the same court, dated July 21, 1987, which is in favor of the plaintiff and against it in the sum of $60,823.13.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The general contractor of a hotel construction project subcontracted with the defendant for the installation of interior dry walls and the defendant in turn subcontracted with the plaintiff for the taping and spackling aspects of that work. Because of a dispute which arose among the owner, the general contractor and the defendant, the defendant has not received full payment for its work, and, relying on a contract provision that payment is not due until the owner has paid the general contractor, has resisted payment of the remaining $54,882.54 due the plaintiff.

We find no triable issue of fact as to the plaintiff's present entitlement to payment. Absent a clear expression to the contrary, a contract provision that payment is not due the subcontractor until the owner has paid the general contractor does not establish a condition precedent for payment but merely fixes a time for payment *(see, Grossman Steel & Aluminum Corp. v Samson Window Corp,* 78 AD2d 871, *affd* 54 NY2d 653; *Sturdy Concrete Corp. v NAB Constr. Corp.,* 65 AD2d 262, *appeal dismissed* 46 NY2d 938; *Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.,* 49 AD2d 60, *affd* 40 NY2d 883). Such a provision, while providing for a postponement of payment to permit the general contractor an opportunity to obtain funds from the owner *(Lowy & Donnath v City of New York,* 98 AD2d 42), only requires that payment be delayed for a reasonable time after completion of the subcontract work *(William H. Lane, Inc. v American Druggists' Ins. Co.,* 111 AD2d 970). It is undisputed that the plaintiff has performed

all of the work required of it in a satisfactory manner. Therefore, the defendant may not resist payment of the remaining balance despite the owner's failure to pay the general contractor. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.