■ OTIS ELEVATOR COMPANY, Appellant, v GEORGE A. FULLER COMPANY, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Morrison, J.) entered September 25, 1989, which denied its motion for partial summary judgment in the principal amount of $212,742.

Ordered that the order is affirmed, with costs.

The defendant was the general contractor on a construction project for which the plaintiff was the successful bidder for a subcontract involving the installation of elevators. The subcontract which the plaintiff executed contained, insofar as is relevant to the instant appeal, the following provision: "Subject to approval by the Contractor and the Architect of the amount of the value of the Work stated in each requisition, the Contractor shall pay the Subcontractor, upon receipt by Contractor of said sum from the Owner, the amount of the approved value of the Work less the amounts to be deducted therefrom as provided above, subject, however, to compliance by the Subcontractor with the provisions of this Article 30".

However, the plaintiff purportedly conditioned its acceptance of the subcontract by attaching a list of "clarifications". One of these "clarifications" stated that the plaintiff's acceptance of the above-quoted "payment terms is [sic] conditioned

on the understanding that we shall be entitled to prompt monthly payment for the value of material delivered as well as for work installed" and that "payments shall be contingent on Owner payments to contractor only to the extent of deficiencies on our part".

Although the parties failed to agree on a payment provision acceptable to both and each purported to condition its acceptance of the subcontract on the acceptance by the other of its respective payment terms, work under the subcontract proceeded. Upon being presented with the bill for the work performed by the plaintiff in manufacturing the elevator equipment, the defendant submitted a request for payment of the same to the project owner. However, when the owner refused to make the payments claimed and dismissed the defendant from the project, the defendant refused to pay the plaintiff for the work performed by it. The plaintiff then instituted the instant action.

The defendant's argument that no contract ever came into existence because the parties never reached an agreement on when payment would be due to the plaintiff is without merit. The parties' course of conduct in carrying out performance under those terms upon which they agreed makes it absolutely clear that each party recognized that a valid and enforceable contract existed, the terms of which consisted of those terms on which the writings of the parties agreed, together with any supplementary terms incorporated under any other provisions of the Uniform Commercial Code (see, UCC 2-207 [3]; 2-204 [1]).

Furthermore, even if the defendant's position that its payment provision was controlling is correct, it is clear that payment by the owner to the defendant was not made a precondition to payment by the defendant to the plaintiff. "Absent a clear expression to the contrary, a contract provision that payment is not due the subcontractor until the owner has paid the general contractor does not establish a condition precedent for payment but merely fixes a time for payment" (Action Interiors v Component Assembly Sys., 144 AD2d 606, 607; see, Grossman Steel & Aluminum Corp. v Samson Window Corp., 78 AD2d 871, affd 54 NY2d 653; Sturdy Concrete Corp. v NAB Constr. Corp., 65 AD2d 262; Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co., 49 AD2d 60 affd 40 NY2d 883). Therefore, the defendant's contention that under its "pay-when-paid" clause, the plaintiff carried the risk that the owner would delay in or fail to make payment is without merit.

However, because material issues of fact remain regarding the amount of the plaintiff's alleged damages and the merits of the defendant's affirmative defenses, summary judgment was properly denied. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.