ERDMAN ANTHONY & ASSOCIATES, INC., Appellant, v ROBERT T. BARKSTROM et al., Doing Business as BARKSTROM & LACROIX, ARCHITECTS, Respondents. [747 NYS2d 670] —Appeal from an order of Supreme Court, Monroe County (Barry, J.), entered July 25, 2001, which, inter alia, denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff, a consulting engineering firm, entered into an oral agreement with defendant architects pursuant to which plaintiff would provide engineering services on a building construction project for a fee of five percent of the estimated cost of construction and a flat fee of $12,000 for site engineering services. Plaintiff thereafter sent defendants a total of 20 invoices that computed fees on an hourly basis. Defendants orally objected to the invoices and advised plaintiff that they wanted to be billed in accordance with the customary practice in the construction industry, i.e., as various phases of the project were completed. Defendants made three separate payments to plaintiff totaling $75,384.98 as various phases of the project were completed, but they objected to and refused to pay the remaining invoices, which totaled $77,074.25. Plaintiff commenced this action asserting causes of action for breach of contract, unjust enrichment, and an account stated.

Supreme Court properly denied plaintiff's motion for summary judgment on the cause of action for an account stated and granted defendants' cross motion for summary judgment dismissing that cause of action. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.,* 195 AD2d 868, 869, *lv denied* 82 NY2d 660; *see Sisters of Charity Hosp. of Buffalo v Riley,* 231 AD2d 272, 282; *Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429, 431). An essential element of an account stated is an agreement with respect to the amount of the balance due (*see Interman Indus.*

*Prods. v R.S.M. Electron Power,* 37 NY2d 151, 153-154; *Sisters of Charity Hosp. of Buffalo,* 231 AD2d at 282). "An account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat the statement as an account stated. It cannot be used to create liability where none otherwise exists" (*M. Paladino, Inc. v Lucchese & Son Contr. Corp.,* 247 AD2d 515, 516; *see Gurney, Becker & Bourne v Benderson Dev. Co.,* 47 NY2d 995, 996; *Bauman Assoc. v H & M Intl. Transp.,* 171 AD2d 479, 485).

Even assuming, arguendo, that plaintiff met its initial burden on its motion by submitting evidentiary proof in admissible form that defendants received and retained plaintiff's invoices without objection within a reasonable time and made partial payments on those invoices (*see King Petroleum Prods. v Geiger,* 231 AD2d 906, 906), we conclude that the court properly determined that defendants' oral objections to the purported account stated were sufficient to rebut any inference of an implied agreement to pay the stated amount (*see Collier, Cohen, Crystal & Bock v MacNamara,* 237 AD2d 152, 152; *Construction & Mar. Equip. Co. v Crimmins Contr. Co.,* 195 AD2d 535). Defendants established that they had repeatedly disputed the existence of any agreement to pay fees computed on an hourly basis (*see Bauman Assoc.,* 171 AD2d at 485), and plaintiff failed to raise a triable issue of fact. "If plaintiff can prove an enforceable contract, then it will be able to recover under the first cause of action [for breach of contract]. However, * * * a claim for an account stated may not be utilized simply as another means to attempt to collect under a disputed contract" (*id.*). Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.