■ SIMPLEX GRINNELL, Appellant, v ULTIMATE REALTY, LLC, Respondent. [832 NYS2d 244]—

In an action to recover damages for breach of contract and on an account stated, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 9, 2006, as granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant established prima facie its entitlement to judgment as a matter of law as to the breach of contract cause of action. It demonstrated that there was no evidence that the plaintiff had a contractual relationship with the defendant (*see M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515, 516 [1998]; *Lambos & Giardino v Odel Corp.*, 182 AD2d 806 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Furthermore, the plaintiff may not maintain a cause of action to recover on an account stated against the defendant. An account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat a statement of debt as an account stated (*see Gurney, Becker & Bourne v Benderson Dev. Co.*, 47 NY2d 995, 996 [1979]; *M. Paladino, Inc. v Lucchese & Son Contr. Corp., supra* at 516; *Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 485 [1991]). A cause of action alleging an account stated cannot be utilized simply as another means to attempt to collect under a disputed contract (*see Erdman Anthony & Assoc. v Barkstrom*, 298 AD2d 981 [2002]; *M. Paladino, Inc. v Lucchese & Son Contr. Corp., supra* at 516; *Martin H. Bauman Assoc. v H & M Intl. Transp., supra* at 485). The defendant submitted evidence that another corporation, 338 Asylum, LLC, completed an application for credit with the plaintiff, agreed to pay the plaintiff's invoices, and issued a check making partial payment on order No. 12901008601. This was sufficient to establish the defendant's prima facie case for summary judgment dismissing the cause of action alleging an account stated against it. In opposition, the plaintiff submitted evidence that a purchase order had been issued on behalf of 338 Asylum, LLC, and that the plaintiff had

been sending invoices under order No. 12901008601 to the defendant. This evidence was insufficient to raise a triable issue of fact as to that cause of action (*see M. Paladino, Inc. v Lucchese & Son Contr. Corp., supra*). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.