Alan J. Ross et al., Respondents, v Steven Sherman et al., Appellants. [870 NYS2d 383]—

The Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment dismissing the first, second, and sixth counterclaims asserted by the defendant Steven Sherman. The first, second, and sixth counterclaims asserted by Sherman were predicated on an allegation that the plaintiffs breached the terms of the parties' settlement agreement by refusing an offer made by one or both of the defendants to purchase the subject property for the sum of $850,000. Contract language which is clear and unambiguous must be enforced according to its terms (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; McCabe v Witteveen, 34 AD3d 652 [2006]; Manzi Homes, Inc. v Mooney, 29 AD3d 748 [2006]). Contrary to the defendants' contention, the provision of the settlement agreement stating that the subject property "shall not be sold for an amount less than $850,000," did not require the plaintiffs to actually accept an offer in the minimum amount. Furthermore, by submitting evidence indicating that the market value of the property exceeded $850,000, the plaintiffs made a prima facie showing that their refusal of the defendants' offer did not constitute a breach of the agreement's implied covenant of good faith and fair dealing (see Tepper v Cablevision Sys. Corp., 19 AD3d 585, 586 [2005]). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 322 [1986]).

The Supreme Court also properly granted that branch of the plaintiffs' motion which was for summary judgment dismissing the second counterclaim asserted by the defendant Walden Oaks, Inc., which sought to recover on an account stated. "An account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat a statement of debt as an account stated" (*Simplex Grinnell v Ultimate Realty, LLC*, 38 AD3d 600, 600 [2007]). "A cause of action alleging an account stated cannot be utilized simply as another means to attempt to collect under a disputed contract" (*id.*). In support of their motion, the plaintiffs established that no agreement existed between the parties " 'to an account based upon prior transactions between them with respect to the correctness of the account items and balance due' " (*Erdman Anthony & Assoc. v Barkstrom*, 298 AD2d 981, 981 [2002], quoting *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993]). In opposition, the defendants failed to raise a triable issue of fact as to the existence of such an agreement. Under these circumstances, the assertion of a counterclaim to recover damages on an account stated was an impermissible attempt to recover on a disputed contract (*see Simplex Grinnell v Ultimate Realty, LLC*, 38 AD3d 600 [2007]).

Furthermore, the court properly granted that branch of the plaintiffs' motion which was for summary judgment dismissing the counterclaims which sought an award of an attorney's fee, costs, and the imposition of a sanction upon them. The plaintiffs' conduct was not frivolous within the meaning of 22 NYCRR 130-1.1.

The defendants' remaining contentions are without merit. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.