■ Utica Mutual Insurance Company, Respondent, v William Johnston et al., Appellants. [878 NYS2d 426]—

In an action to recover damages for breach of contract and on an account stated, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 1, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is granted.

The plaintiff, Utica Mutual Insurance Company, owns 100% of its subsidiary, Utica National Assurance Company (hereinafter Utica National). The plaintiff is also a member of the Utica National Insurance Group, to which Graphic Arts Mutual Insurance Co. (hereinafter Graphic Arts), also belongs. The corporate defendants ASA Plumbing & Heating, Inc., James Martin Construction Corporation (hereinafter JM Constr.), ASA Plumbing & Heating of Roslyn, Inc. (hereinafter ASA Roslyn), Linden Mechanical Inc., and Wingate Mechanical, Inc., are all owned by the defendant William Johnston and his wife.

Utica National issued a general liability policy to ASA Roslyn and JM Constr. for the period between November 8, 1998 and November 8, 1999. Graphic Arts issued a worker's compensation policy to ASA Roslyn for the same period. By letters dated March 17, 2000 and March 28, 2000, respectively, Johnston and ASA Roslyn were advised that audits revealed that they owed an additional premium of $54,570 on their general liability policy with Utica National, and an additional premium of $122,265 on their worker's compensation policy with Graphic Arts. Johnston sent a letter dated March 30, 2000, directly to the auditor, challenging the audit as based on inaccurate information. Nevertheless, when the additional premiums were not paid despite repeated requests, the plaintiff commenced this action asserting three causes of action. The first alleged that the defendants had breached the worker's compensation insurance contract by their failure to pay the additional premium of $122,265, the second alleged that the defendants had breached the general liability insurance contract by their failure to pay the additional premium of $54,570, and the third alleged an account stated for $176,835, the total allegedly due and owing under the two policies.

The defendants moved, inter alia, for summary judgment

dismissing the complaint, arguing, among other things, that the plaintiff was not a party to the insurance contracts and that there was no account stated because the defendants had promptly challenged the validity of the amounts allegedly owed. The court denied that branch of the motion, and the defendants appeal. We reverse.

The defendants established their entitlement to judgment as a matter of law by presenting evidence in admissible form that the plaintiff was not, in fact, the issuer of, or a party to, either of the subject insurance contracts, and therefore had no basis upon which to sue for breach of contract or for an account stated (*see Ross v Sherman*, 57 AD3d 758, 759 [2008]; *Simplex Grinnell v Ultimate Realty, LLC*, 38 AD3d 600 [2007]; *Diesel Sys., Ltd. v Yip Shing Diesel Eng'g Co., Ltd.*, 861 F Supp 179, 181 [1994]; *Bross Util. Serv. Corp. v Aboubshait*, 618 F Supp 1442, 1444-1445 [1985]; *cf. Alexander & Alexander of N.Y. v Fritzen*, 114 AD2d 814, 815 [1985], *affd* 68 NY2d 968 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.