■ MUSICAL ELECTRONICS, LTD., Respondent, v US ELECTRONICS, INC., Appellant. [904 NYS2d 389]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered June 25, 2009, awarding plaintiff the aggregate amount of $773,695.97, unanimously affirmed, without costs. Appeal from order, same court and Judicial Hearing Officer, entered May 28, 2009, which, inter alia, granted plaintiff's motion for summary judgment on its claim for an account stated and dismissed defendant's counterclaim for breach of contract, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, a Chinese manufacturer of portable consumer audio products, agreed to supply defendant, pursuant to an April 2004 purchase order, with 35,000 units of a "boom box" for sale in the United States by October 22, 2004. The motion court properly interpreted that agreement, together with a December 2004 addendum, as unambiguously modifying the original purchase order by contemplating production of an upgraded model, with a new schedule for the delivery of the modified units, although leaving the date of delivery of the last 24,970

units to be decided at a later time (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]).

Plaintiff delivered the first 10,030 units on schedule and, from January 2005 through June 2006, repeatedly requested shipping instructions from defendant for the remaining 24,970 units. Plaintiff then e-mailed a debit note to defendant in December 2006, which stated an amount due to plaintiff totaling $628,879.44. Defendant did not respond to the debit note, nor did it respond to plaintiff's counsel's October 18, 2007 demand letter stating that the debit note was never objected to and constituted a valid and enforceable account stated. It was not until March 2008, in its answer and counterclaim in this action, that defendant denied the existence of an account stated and claimed that plaintiff had breached the original April 2004 purchase order by failing to deliver the units by October 22, 2004.

Plaintiff established that defendant had retained the debit note for over 15 months without comment or objection, which is sufficient to create an account stated (*see Rodkinson v Haecker*, 248 NY 480, 485 [1928]; *Risk Mgt. Planning Group, Inc. v Cabrini Med. Ctr.*, 63 AD3d 421 [2009]; *Morrison Cohen Singer & Weinstein, LLP v Waters*, 13 AD3d 51 [2004]). The fact that defendant did not receive the final 24,970 units does not change this result, because this failure was due to defendant's own nonperformance (*see A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31 [1998]).

We have considered defendant's remaining contentions, and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Acosta, JJ.