# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**289**
**CA 14-00940**
PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

SCHWERZMANN & WISE, P.C., PLAINTIFF-RESPONDENT,

                V                         MEMORANDUM AND ORDER

TOWN OF HOUNSFIELD, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

PAUL F. SHANAHAN, PITTSFORD, D.J. & J.A. CIRANDO, ESQS., SYRACUSE
(JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (JONATHAN B. FELLOWS OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Jefferson County
(James P. McClusky, J.), entered January 30, 2014. The judgment,
among other things, awarded plaintiff the sum of $182,137.89 as
against defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the motion is
denied.

Memorandum: Plaintiff law firm commenced this action seeking to
collect unpaid legal fees allegedly owed by defendant for services
rendered between December 2009 and July 2012, asserting causes of
action for breach of contract, an account stated, unjust enrichment,
and quantum meruit. Plaintiff later moved for summary judgment on its
account stated cause of action, and Supreme Court granted the motion.
We now reverse.

" 'An account stated is an agreement between parties to an
account based upon prior transactions between them with respect to the
correctness of the account items and balance due' " (*Erdman Anthony &
Assoc. v Barkstrom*, 298 AD2d 981, 981; *see Sisters of Charity Hosp. of
Buffalo v Riley*, 231 AD2d 272, 282). "An essential element of an
account stated is an agreement with respect to the amount of the
balance due" (*Erdman Anthony & Assoc.*, 298 AD2d at 981; *see Interman
Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153-154). Such
an agreement may be implied "if a party receiving a statement of
account keeps it without objecting to it within a reasonable time
because the party receiving the account is bound to examine the
statement and object to it, if objection there be" (*Chisholm-Ryder Co.
v Sommer & Sommer*, 70 AD2d 429, 431; *see Interman Indus. Prods.*, 37
NY2d at 153-154).

"Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible" (*Legum v Ruthen*, 211 AD2d 701, 703).  While the failure to object to a bill may demonstrate an implicit agreement to the amount, there are also instances in which "accounts may be rendered without reasonable expectation that they will be scrutinized before they are accepted.  Then mere silence and failure to object cannot be construed as an agreement upon the correctness of the accounts" (*Corr v Hoffman*, 256 NY 254, 266).

Here, plaintiff failed to establish in support of its motion that the only rational inference to be drawn from defendant's retention of the bills was its agreement to pay them.  Although plaintiff was providing legal services on behalf of defendant, a third party, Upstate Power Corporation (Upstate), had agreed in 2008 to reimburse defendant for legal costs associated with a proposed wind farm.  In support of its motion, plaintiff submitted monthly unpaid bills it sent to defendant between January 2010 through August 2012 to which defendant did not object.  A number of the bills, however, were sent directly to Upstate for payment, with a "copy" having been sent to defendant.  Notably, none of the bills has a running total; rather, the "balance due" on each bill was the fee allegedly owed for that particular month.  Defendant could thus reasonably have concluded that Upstate was paying the bills all along.  Indeed, Upstate had previously paid plaintiff $76,231.27 for its legal fees, and there is no indication in the record that plaintiff informed defendant that its subsequent bills were not being paid.  It was not until October 5, 2012, after defendant terminated plaintiff's services, that plaintiff notified defendant of the accumulated total of unpaid fees.  Under the circumstances, we conclude that there is an issue of fact whether defendant's silence upon receiving the bills may be construed as acceptance of the amount due (*see Legum*, 211 AD2d at 703-704).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court