D&S Restoration, Inc. v Wenger Constr. Co., Inc. (2018 NY Slip Op 02768)





D&S Restoration, Inc. v Wenger Constr. Co., Inc.


2018 NY Slip Op 02768


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-12406
 (Index No. 601894/16)

[*1]D & S Restoration, Inc., appellant, 
v
Wenger Construction Co., Inc., respondent.


Sullivan, P.C., New York, NY (Peter Sullivan of counsel), for appellant.
Milber Makris Plousadis & Seiden, Woodbury, NY (Joseph J. Cooke of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), entered October 31, 2016. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the breach of contract cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The defendant was the general contractor on a school construction project with the New York City School Construction Authority (hereinafter the SCA). In March 2011, the defendant subcontracted with the plaintiff to remove certain material on the project, including material believed to contain asbestos or PCB. The subcontract identified the price that would be paid for the removal of the specified materials, and also provided that materials that did not contain asbestos or PCB would be deducted from the scope of the work with a credit change order. In other words, the plaintiff would not be paid for removal of those materials and the subcontract price would be reduced accordingly. The subcontract further provided that payment from the SCA to the defendant was a condition precedent to payment by the defendant to the plaintiff, and that the final payment amount was subject to any credit changes as determined by the SCA. The subcontract also contained a provision that no action shall lie by the plaintiff against the defendant unless commenced within one year after substantial completion of the plaintiff's work.
The plaintiff completed its work on the project in June 2012 and submitted an invoice at that time to the defendant with its proposed credit changes. The plaintiff commenced this action in March 2016 alleging that the defendant had not paid the plaintiff the amount due under the subcontract. The complaint alleged causes of action to recover damages for breach of contract and unjust enrichment, and for an account stated. The defendant moved to dismiss the complaint pursuant to CPLR 3211(a), inter alia, on the ground that the action was time-barred because it was not commenced within one year of the date of substantial completion of the plaintiff's work. In opposition to the motion, the plaintiff submitted evidence that the defendant had delayed payment [*2]to the plaintiff on the ground that it was waiting for the SCA to confirm the credit changes, and that the defendant did not convey to the plaintiff the amount agreed upon by the SCA until March 2014. The plaintiff additionally submitted evidence that the final change order for the asbestos work performed by the plaintiff was not signed by the SCA until June 2016. The Supreme Court granted the motion to dismiss the complaint. The plaintiff appeals.
"[A]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable" (John J. Kassner & Co. v City of New York, 46 NY2d 544, 551 [emphasis added]; see CPLR 201; Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d 511, 518). " [T]he period of time within which an action must be brought . . . should be fair and reasonable, in view of the circumstances of each particular case . . . The circumstances, not the time, must be the determining factor'" (Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 519, quoting Continental Leather Co. v Liverpool, Brazil & Riv. Plate Steam Nav. Co., 259 NY 621, 622-623 [Crane, J., dissenting]).
There is nothing inherently unreasonable about the one-year period of limitation, to which the parties here freely agreed (see Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 518; Blitman Constr. Corp. v Insurance Co. of N. Am., 66 NY2d 820; Sapinkopf v Cunard S. S. Co., Ltd., 254 NY 111). "The problem with the limitation period in this case is not its duration, but its accrual date" (Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 518). It is neither fair nor reasonable to require that an action be commenced within one year from the date of the plaintiff's substantial completion of its work on the project, while imposing a condition precedent to the action that was not within the plaintiff's control and which was not met within the limitations period. "A limitation period' that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim" (id. at 518). The limitation period in the subcontract conflicts with the conditions precedent to payment becoming due to the plaintiff, which, under the circumstances of this case, acted to nullify any claim the plaintiff might have for breach of the subcontract. Therefore, interpreting the subcontract against the defendant, which drafted the agreement (see Matter of Cowen & Co. v Anderson, 76 NY2d 318, 323; Jacobson v Sassower, 66 NY2d 991, 993; 151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 734), we find that the one-year limitation period is unenforceable under the circumstances here (see JC Ryan EBCO/H & G, LLC v Lipsky Enters., Inc., 78 AD3d 788, 789-790; Certified Fence Corp. v Felix Indus., 260 AD2d 338, 339). Accordingly, the Supreme Court should not have granted that branch of the defendant's motion which was to dismiss the breach of contract cause of action as time-barred.
However, the dismissal of the causes of action to recover damages for unjust enrichment and for an account stated was proper since the damages the plaintiff seeks to recover are pursuant to an existing and valid contract (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388; Simplex Grinnell v Ultimate Realty, LLC, 38 AD3d 600; Erdman Anthony & Assoc. v Barkstrom, 298 AD2d 981, 982).
The parties' remaining contentions are either without merit or need not be addressed in light of our determination.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court