AWI Sec. & Investigators, Inc. v Whitestone Constr. Corp. (2018 NY Slip Op 05907)





AWI Sec. & Investigators, Inc. v Whitestone Constr. Corp.


2018 NY Slip Op 05907


Decided on August 23, 2018


Appellate Division, First Department


Mazzarelli, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 23, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.
Sallie Manzanet-Daniels
Angela M. Mazzarelli
Ellen Gesmer
Jeffrey K. Oing,JJ.


303759/14 6724 

[*1]AWI Security and Investigators, Inc., Plaintiff-Appellant,
v
Whitestone Construction Corp., Defendant-Respondent.



Plaintiff appeals from the order of the Supreme Court,
Bronx County (Douglas E. McKeon, J.), entered on or about May 1, 2017, which granted defendant's motion to dismiss the action as time-barred pursuant to a contractual period of limitations.




David H. Singer & Associates LLP, New York (Christopher S. McCann of counsel), for appellant.
Goetz Fitzpatrick, LLP, New York (Michael R. Fleishman of counsel), for respondent.



MAZZARELLI, J.


Defendant Whitestone Construction Corp., a general contractor (Whitestone), hired plaintiff AWI Security and Investigations, Inc. (AWI) to provide security services at four different construction sites, pursuant to four separate subcontracts. Each subcontract involved a public construction project, three by the New York City School Construction Authority (SCA) and one by the New York City Housing Authority (NYCHA). The subcontracts were identical and contained the following relevant provision, in pertinent part:
"Article 33 — CLAIMS AND DISPUTE RESOLUTION
Paragraph 33.5 Limitation on Suit
"No claim or action by [AWI] arising out of or related to th[e] [contract] shall lie or be maintained against [Whitestone] unless such action is commenced no later than six (6) months after either: [a] the cause of action accrued, [b] the termination or conclusion of th[e] [contract], or [c] the last day [AWI] performed any physical work at the [project site], whichever of the proceeding [sic] events shall occur first."
The complaint alleges that "[b]eginning in 2011 through April 2012, at the specific instance and request of [Whitestone], AWI was required to perform" the work at issue, although, as discussed below, AWI maintains that the record is unclear when it actually completed the work. In any case, the parties were both named as defendants in a prevailing wage class action commenced in 2012 by AWI workers (the Wage Action). In a letter dated May 24, 2012, counsel for AWI informed counsel for Whitestone that it considered the Wage Action to be frivolous and that it intended to move for summary judgment dismissing it. In the same letter, however, it asserted that a total amount of $232,213.13 was due and owing it for its work under the subcontracts and demanded payment of same. In a responsive letter dated June 5, 2012, counsel for Whitestone informed counsel for AWI that it was relying upon an indemnity provision in the subcontracts that entitled it to withhold money due and owing to AWI pending the outcome of the Wage Action, stating that
"[w]hile it may be ultimately determined that the [Wage Action] Plaintiffs' claims are frivolous and/or without merit, be advised that Whitestone will continue to enforce the indemnity provisions contained in the contract
s with your client until such determination is made by the [Wage Action] Court."
The letter further noted that, in connection with one of the jobs, payment was not yet due since the SCA had not yet approved a change order. AWI did move for summary judgment in the Wage Action. However, after the summary judgment motion was denied and the Wage Action became protracted, it decided it could no longer wait to be paid. Accordingly, it commenced this action, in July 2014.
Whitestone moved to dismiss the complaint pursuant to CPLR 3211(a). It specifically argued that the action was time-barred by the contractual limitations provision, which required AWI to commence suit within six months of April 2012, the last time it performed physical work under any of the subcontracts. Whitestone asserted that, in accordance with the limitations clause, this was the earliest of the three possible dates for measuring the time to commence suit, the others being the "accrual date" and termination of the subcontracts.
In opposition to the motion, AWI asserted that Whitestone had been paid in full by NYCHA and the SCA on all four of the projects for which it provided security services, so Whitestone could not rely on certain provisions in the subcontracts making AWI's right to payment contingent on payment to Whitestone by the owners. It argued that the contractual limitations period did not bar the claim because Whitestone, pursuant to General Municipal Law section 106-b(2), which requires a contractor who receives any payment from a public owner to make prompt payment to its subcontractors for their work, imposed upon it a continuing and ongoing obligation to pay AWI. AWI also relied on the June 5, 2012 letter from Whitestone's counsel, claiming that it constituted an acknowledgment of the debt as contemplated by General Obligations Law section 17-101, thus defeating any statute of limitations claim.
In reply, Whitestone submitted the affidavit of its Vice President, who denied that it had been paid in full by the SCA and NYCHA. She asserted that for two of the four jobs, SCA was retaining funds in connection with the Wage Action. With respect to the other two jobs, [*2]Whitestone's Vice President acknowledged it had been paid, but claimed that it was holding the money in case it were later determined that AWI had to indemnify it as the result of an adverse judgment in the Wage Action.
The court granted the motion. It held that, according to the complaint, AWI last performed physical work under any of the subcontracts in April 2012, more than six months before July 2014 when it initiated this action, thus violating the clear terms of the contractual limitations period. The court rejected the argument made by AWI under General Municipal Law section 106-b(2), finding that nothing in that statute indicates that a contractor has a continuing obligation to pay which obviates the effect of any applicable statute of limitations. The court further found that the June 5, 2012 letter did not extend the statute of limitations since it did not recognize an existing debt, or contain matter inconsistent with the intention to pay a debt.
On appeal, AWI first argues that Whitestone failed to satisfy its burden of establishing a date on which the limitations period began to run, since nothing in the record indicates that April 2012, the date which Whitestone maintains is the applicable one, was actually the date on which AWI last performed physical work under the subcontracts. It is true that the complaint is somewhat ambiguous in its description of when the work was actually completed. However, the June 5, 2012 letter on which AWI so heavily relies is in response to a May 24, 2012 letter that AWI placed in the record, in which its counsel demanded from Whitestone's counsel the full amount sought in this action. Accordingly, it is disingenuous for AWI to now suggest that there is a question whether it completed the work more than six months before it commenced this action.
More compelling is AWI's argument on appeal that the contractual limitations provision is unenforceable because it enables the scenario where, even though a claim has not accrued by the time six months have passed since the last time physical work was performed, it is still time-barred. AWI is essentially arguing that, in light of Whitestone's stated position that payment was not due to AWI until such time as the Wage Action was resolved, it should not have been subjected to the "catch-22" of having to file a lawsuit to toll the statute of limitations where the claim was not yet ripe for adjudication. AWI analogizes to Executive Plaza, LLC v Peerless Ins. Co. (22 NY3d 511 [2014]). In that case, the defendant insurer issued a fire policy to the plaintiff insured which required the plaintiff to commence suit under the policy within two years of a fire. The policy further required the plaintiff, if seeking to recover replacement cost, to forbear on making any such claim until the property had actually been replaced. When the plaintiff's property burned down, it diligently acted to replace the property, but it recognized that the process would take more than two years. In an effort to protect its rights, it commenced an action on the two-year anniversary of the fire. The defendant successfully moved to dismiss the action as premature. When the replacement was complete, the plaintiff commenced a new action. The defendant removed the action to federal district court and moved to dismiss on statute of limitations grounds. After the court granted the motion, the Second Circuit certified a question to the Court of Appeals asking whether the limitations period was enforceable.
The Court of Appeals held that it was not. While recognizing the inherent reasonableness of contractually truncated statutes of limitations, the Court held that "[a] limitation period' that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim" (22 NY3d at 518). Here, AWI argues that, like the plaintiff in Executive Plaza, the limitations clause at issue nullified its claim because it required AWI to sue Whitestone for sums that the latter maintained it was premature for AWI to demand. Whitestone attempts to distinguish Executive Plaza by noting that AWI demanded payment from Whitestone in its counsel's May 24, 2012 letter, which was still within the six-month limitations period. It characterizes this as an acknowledgment by AWI that it had a ripe claim. However, in its counsel's response, Whitestone explicitly rejected the claim as premature. Accordingly, AWI [*3]rightfully saw filing a lawsuit at the time as a futile gesture.
Whitestone further argues that, unlike the plaintiff in Executive Plaza, AWI was not faced with a condition precedent to suit that had not yet been satisfied. Rather, it claims that its position in the June 5, 2012 letter was not that a condition precedent had not been satisfied, but that it was merely "fixing a time for payment." In support of this position, Whitestone relies on Action Interiors v Component Assembly Sys. (144 AD2d 606 [2nd Dept 1988]) and Otis El. Co. v George A. Fuller Co. (172 AD2d 732 [2nd Dept 1991]). In both of those cases the court interpreted a contractual provision stating that payment was not due to a subcontractor until the owner paid the general contractor as not, "[a]bsent a clear expression to the contrary," establishing a condition precedent to payment, but rather fixing a time for payment as a reasonable time after completion of the subcontract work. These cases are inapposite. First, they did not deal with a contractual statute of limitations. Further, here, Whitestone was not merely seeking "a postponement of payment to permit [it] to obtain funds from the owner" (144 AD2d at 607). Rather, it told AWI that no payment would be made unless, and until, the wage action was resolved without Whitestone's incurring any liability [FN1]. Under those circumstances, AWI found itself in the same dilemma as that of the plaintiff in Executive Plaza.
A recent Second Department case further undermines Whitestone's position. In D & S Restoration v Wenger Constr., Inc. (__ AD3d __, 2018 NY Slip Op 02768 [2d Dept 2018]), the plaintiff was owed money pursuant to a subcontract that contained a one-year contractual statute of limitations and a provision making payment by the owner (also the SCA) to the general contractor a condition precedent to the general contractor's obligation to pay the plaintiff. It took nearly two years for the owner to approve payment to the general contractor, and when the plaintiff sued to recover, the general contractor relied on the contractual limitations period. Relying on Executive Plaza, the court refused to dismiss on statute of limitations grounds, stating that "[t]he limitations period in the subcontract conflicts with the conditions precedent to payment becoming due to the plaintiff, which, under the circumstances of this case, acted to nullify any claim the plaintiff might have for breach of the subcontract" (2018 NY Slip Op 02768 at *2). Here, it is not clear that Whitestone was relying on a specific contractual condition precedent in advising AWI it would not pay until a favorable resolution of the Wage Action had been reached. Nevertheless, Whitestone made clear that it would not release monies to AWI until the Wage Action was resolved. Accordingly, D & S Restoration supports AWI's argument that the limitations period was nullified by Whitestone's position.
Because we find that, under the circumstances, the limitations period cannot serve to bar AWI's claim, we need not decide whether AWI had a continuing claim pursuant to General Municipal Law section 106-b(2), or whether the June 5, 2012 letter by Whitestone's counsel created a new contract so as to take the action outside of the operation of the limitations period, pursuant to General Obligations Law section 17-101.
Accordingly, the order of the Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about May 1, 2017, which granted defendant's motion to dismiss the action as time-barred pursuant to a contractual period of limitations, should be reversed, on the law, with costs, and the motion denied.
[*4]All concur.
Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about May 1, 2017, reversed, on the law, with costs, and the motion denied.
Opinion by Mazzarelli, J. All concur.
Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 23, 2018
DEPUTY CLERK



Footnotes

Footnote 1: Although not argued by AWI, to the extent that Whitestone relies on Article 4 of the subcontracts, which explicitly make payment to Whitestone by SCA or NYCHA a condition precedent to Whitestone's obligation to pay AWI, that provision is void as against public policy (see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148, 158 [1995]).