Anderson Kill, P.C. v Board of Mgrs. of Honto 88 Condominium (2021 NY Slip Op 01712)





Anderson Kill, P.C. v Board of Mgrs. of Honto 88 Condominium


2021 NY Slip Op 01712


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 655325/19 Appeal No. 13397 Case No. 2020-04675 

[*1]Anderson Kill, P.C., Plaintiff-Respondent,
v
Board of Managers of Honto 88 Condominium, Defendant-Appellant.


The Law Office of Winnie W. Mok, New York (Winnie W. Mok of counsel), for appellant.
Anderson Kill, P.C., New York (Edward J. Stein of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about June 30, 2020, which granted plaintiff's motion for summary judgment on its account stated claims in the principal amount of $146,883.34, unanimously affirmed, with costs.
Plaintiff established its entitlement to judgment on the account stated claims by showing that it sent invoices, and defendant retained them without objection, with promises to make payment (see Shea & Gould v Burr, 194 AD2d 369, 370—371 [1st Dept 1993]).
Defendant's argument that the retainer agreement was not valid was not supported by the record, and in any event is irrelevant to the account stated claims (see Thelen LLP v Omni Contr. Co., 79 AD3d 605, 606 [1st Dept 2010], lv denied 17 NY3d 713 [2011]).
Defendant was not excused from objecting to the invoices by virtue of its general criticism of the quality of the legal work. Objections to particular invoices may be excused where there is a dispute as to the existence or nature of the contract between the parties (see Erdman Anthony & Assoc., Inc. v Barkstrom, 298 AD2d 981, 982 [4th Dept 2002]). Such is not the allegation here.
Plaintiff was entitled to prejudgment interest at the statutory rate (CPLR 5001).
Defendant waived its defense based on objection to service of process, by failing to raise it by motion within 60 days of its answer (CPLR 3211[e]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021