**Jacobs Doland Beer, LLC v Montclair Hospitality Group LLC**

2024 NY Slip Op 33852(U)

October 22, 2024

Supreme Court, New York County

Docket Number: Index No. 655567/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LOUIS L. NOCK</u>                    PART                    38M

*Justice*

-------------------------------------------------------------------------------X

JACOBS DOLAND BEER, LLC,                      INDEX NO.          655567/2023

                            Plaintiff,         MOTION DATE        12/13/2023

            - v -                              MOTION SEQ. NO.        001

MONTCLAIR HOSPITALITY GROUP LLC,            **DECISION + ORDER ON**
                                                    **MOTION**
                            Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19

were read on this motion for                    <u>            SUMMARY JUDGMENT            </u>.

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, plaintiff's motion for summary judgment on its second cause of action for an account stated is granted for the reasons set forth in the moving and reply papers (NYSCEF Doc. No. 6, 9, 19) and the exhibits attached thereto, in which the court concurs, as summarized herein. In this action on an account stated, the parties entered into an agreement pursuant to which plaintiff was to provide designs for the food service areas of a hotel, which areas would be operated by defendant (agreement, NYSCEF Doc. No. 10 at 2). In conjunction with the project, plaintiff issued six invoices to defendant dated from February 28, 2023 through July 31, 2023, each of which was payable within 45 days of receipt (Jacobs aff., NYSCEF Doc. No. 9, ¶ 3). The invoices were consolidated in an account statement dated August 17, 2023 (account statement, NYSCEF Doc. No. 11). According to Gary Jacobs, plaintiff's managing shareholder, defendant never objected to any of the invoices or account statement, and in fact submitted a post-dated check in partial payment of the outstanding invoices (Jacobs aff., NYSCEF Doc. No. 9, ¶ 5; post-dated check, NYSCEF Doc. No. 12).

**655567/2023  JACOBS DOLAND BEER, LLC vs. MONTCLAIR HOSPITALITY GROUP LLC**          **Page 1 of 4**
 **Motion No.  001**

1 of 4

[* 1]

When the date came for the check to be paid, however, there were no funds in defendant's account.

"An account stated is an agreement, independent of the underlying agreement, regarding the amount due on past transactions" (*Duane Reade v Cardinal Health, Inc.*, 21 AD3d 269, 269-70 [1st Dept 2005]). "The receipt and retention of an account, without objection, within a reasonable period of time, coupled with an agreement to make partial payment, gives rise to an account stated entitling the moving party to summary judgment in its favor" (*Morrison Cohen Singer & Weinstein, LLP v Ackerman*, 280 AD2d 355, 356 [1st Dept 2001]). Thus, where a party retains invoices for a sufficient period of time without objection, an account has been stated (*Musical Elecs., Ltd. v U.S. Elecs., Inc.*, 74 AD3d 691, 692 [1st Dept 2010]).

Here, plaintiff has established that it invoiced defendant, defendant retained the invoices without an objection, and defendant agreed to make a partial payment. In opposition, defendant does not raise a material issue of fact requiring trial (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). Defendant's Vice President of Project Deployment Maria Tongko avers that defendant put a stop payment order on the check when plaintiff attempted to cash it early, and that at the time plaintiff did so "the Project was in question" and ultimately "did not move forward" (Tongko aff., NYSCEF Doc. No. 18, ¶¶ 5-8). Notably, Tongko does not aver that defendant ever actually objected to the invoices, nor does defendant cite any authority for the proposition that it could retain the invoices without objection and simply decided not to pay them after plaintiff had already commenced work. The case of *Interman Indus. Products, Ltd. v R. S. M. Electron Power, Inc.* (45 AD2d 34, 37 [2d Dept 1974], *affd* 37 NY2d 151 [1975]), cited by defendant, is not to the contrary, as there, the only issue was whether a plaintiff could proceed by summary judgment in lieu of complaint where liability was not premised on an

**655567/2023   JACOBS DOLAND BEER, LLC vs. MONTCLAIR HOSPITALITY GROUP LLC**          **Page 2 of 4**
**Motion No.  001**

2 of 4

express written assent to the balance due. The case of *Schwerzmann & Wise, P.C. v Town of Hounsfield* (126 AD3d 1483, 1485 [4th Dept 2015]) is similarly distinguishable, as there a dispute existed as to who was ultimately responsible for paying the invoices.

Finally, defendant's assertion that discovery is necessary before this motion can be resolved is unavailing. Defendant does not establish that facts "essential to justify opposition may exist but cannot [now] be stated" (CPLR 3212[f]; *Morales v Amar*, 145 AD3d 1000, 1003 [2d Dept 2016] [The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion"]).

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment on its second cause of action for an account stated is granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $78,812.50, with interest thereon at the statutory rate from June 30, 2023,[1] through entry of judgment as calculated by the Clerk, with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs.

---

[1] "Where [a party's] damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001[b]; *Kachkovskiy v Khlebopros*, 164 AD3d 568, 572 [2d Dept 2018]).

**655567/2023   JACOBS DOLAND BEER, LLC vs. MONTCLAIR HOSPITALITY GROUP LLC**          **Page 3 of 4**
  **Motion No.  001**

3 of 4

[* 3]

This constitutes the decision and order of the court.

*Louis L. Nock*

| 10/22/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**655567/2023   JACOBS DOLAND BEER, LLC vs. MONTCLAIR HOSPITALITY GROUP LLC**      **Page 4 of 4**
**Motion No.  001**

4 of 4

[* 4]