CONTINENTAL LEATHER COMPANY, Appellant, *v.* LIVERPOOL, BRAZIL AND RIVER PLATE STEAM NAVIGATION COMPANY, LTD., Defendant, and LAMPORT & HOLT, LTD., Respondent.

(Argued May 11, 1932; decided June 7, 1932.)

*Neil P. Cullom* and *James E. Freehill* for appellant.

*G. Noyes Slayton* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: POUND, Ch. J., O'BRIEN, HUBBS and CROUCH, JJ. CRANE, J., dissents in opinion with which LEHMAN and KELLOGG, JJ., concur.

CRANE, J. (dissenting). This court, recently, in two cases (*South & Central American Commercial Co.* v. *Panama R. R. Co.*, 237 N. Y. 287, and *Aron & Co.* v. *Panama R. R. Co.*, 255 N. Y. 513), has had occasion to pass upon the provision in the bill of lading limiting the time within which to commence an action against the carrier for damages sustained through its negligence. In the first case, the bill of lading required notice of the claim to be given within sixty days after knowledge of the loss, and action to be brought within sixty days thereafter. We held this limitation unfair and unreasonable. In the second case, we held, in the absence of any reason or excuse for the delay, that a period of six months after the arrival of the shipment at destination was enforceable.

The *rationale* of these decisions is that the period of time within which an action must be brought against the carrier for negligence should be fair and reasonable,

in view of the circumstances of each particular case. Even six months or longer might not be sufficient time, under certain conditions. This court did not attempt to say that a definite period of time was reasonable under any and all conditions. The circumstances, not the time, must be the determining factor.

In the *Commercial Co.* case attention was called to the Federal statutes fixing a two-year limitation in cases to which the statutes apply, while in the *Aron* case mention was made of the fact that thirty-two nations have adopted a statute which provides that an action to recover damages under a shipping contract must be commenced within one year. We strongly intimated in the former case that these statutes gave some indication of what might be considered fair and reasonable, even in shipments not governed by them. Public policy, after all, is to be found very largely in the acts of Congress and State Legislatures. Referring to the Interstate Commerce Act (§ 15); United States Shipping Board Act (§ 18), this court said, in the *Commercial Co.* case: " We think a new public policy, a new conception of what is just and reasonable in these contractual limitations, is established by this act, reinforced, as it is by the Transportation Act, which followed in 1920. * * * We do not say that carriers not subject to these acts must adhere to the standards thus established with literal fidelity. * * * We say, however, that there is a duty of approximate or reasonable conformity, a conformity so great as to escape flagrant disavowal of the conception of reasonable opportunity reflected in the will of Congress " (p. 291). And in the *Aron* case we specifically limited our ruling as to the six months' limitation, to the facts of that case, by saying: " We do not attempt to fix a standard or establish any definite time which shall be deemed reasonable under all conditions. We hold that under the facts and circumstances of this case six months was a reasonable limitation " (p. 519).

What are the facts before us in this case, upon which we must determine whether the consignee had a rea-

sonable and fair opportunity under the bill of lading to bring this action for negligence? The bill of lading contains the following clause: " Suit on any claim hereunder or in respect of the goods must be begun within six (6) months after delivery of the goods to the carrier, or recovery shall be barred, notwithstanding the carrier may be a non-resident or a foreign corporation." The merchandise was delivered to the carrier at Montevideo on January 15, 1924, and the ship arrived at New York on February 23, 1924, and commenced to discharge two days later. Here were six weeks taken out of the six months in which the carrier knew that the shipper would have no opportunity to know anything about the condition of the cargo. The time commenced to run with the sailing of the ship from South America. The ship might take six weeks, or, through unavoidable delay, even longer. With each day or week of the prolonged voyage, the time limitation was shortening.

The merchandise consisted of hides, cured and salted, prior to delivery, which, when they arrived at the port of New York, were found to be damaged. A survey of the amount of the damage was not completed until March 13, 1924, when a claim was transmitted to the defendant the following day. This left the consignee with only four months within which to bring action against the carrier, which would only be justified when the facts were ascertained, showing that the damage was due to the negligence of the carrier. To ascertain these facts required communication by mail with the shippers at Montevideo.

The evidence shows that it took from two to three months to get a letter to Montevideo and a reply back to New York. All the evidence regarding the condition of the hides as they were put aboard the ship was to be procured from the shipper and his witnesses at Montevideo. By the time the consignee here had facts sufficient to enable it and its lawyers to act intelligently, the contract limitation within which to bring an action had nearly expired. There might be a few weeks thereafter in which it could act. Such a limitation has not even

the semblance of fairness. No lawyer of any standing would bring an action against the navigation company without having at least a reasonable basis for its maintenance. The courts should not, by such short limitations, encourage hasty and unfounded litigation. Some reasonable analogy there must be between the time within which to bring actions under the Interstate Commerce Act or the Transportation Act (United States Shipping Board Act, 39 St. p. 728, ch. 451, § 18) and actions against other sea carriers from foreign ports.

The limitation in this bill of lading was, therefore, unreasonable and unfair and without effect. In consequence thereof, there was no limitation upon the plaintiff's right to begin its action except the Statute of Limitations of this State. The court has no power to substitute what it considers to be a reasonable time for that which the parties have failed to establish by their contract. Limitations are fixed by statute or else by contract, in the absence of such acts or conduct as amount to an estoppel.

As this action was dismissed at the end of the plaintiff's case solely upon the ground that it was not brought within the contract time, the judgment should be reversed, and a new trial ordered, with costs to abide the event.