[5 NE3d 989, 982 NYS2d 826]

EXECUTIVE PLAZA, LLC, Appellant, v PEERLESS INSURANCE COM-
PANY, Respondent.

Argued January 6, 2014; decided February 13, 2014

**POINTS OF COUNSEL**

*Jaroslawicz & Jaros LLC*, New York City (*David Jaroslawicz* and *David Tolchin* of counsel), for appellant. I. The policy has no stated time limit on reconstruction, other than that it must be completed "as soon as reasonably possible." (*Bakos v New York Cent. Mut. Fire Ins. Co.*, 83 AD3d 1485, 86 AD3d 933; *Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27; *Miller v Continental Ins. Co.*, 40 NY2d 675; *Palmieri v Allstate Ins. Co.*, 445 F3d 179.) II. As the insured has no right to payment until the replacement is completed, its claim for reimbursement of replacement costs accrues when that condition has been met, not before. (*Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399; *MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640; *Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765; *Cary v Koerner*, 200 NY 253; *Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36; *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169; *John J. Kassner & Co. v City of New York*, 46 NY2d 544; *Steen v Niagara Fire Ins. Co.*, 89 NY 315; *Martin v Edwards Labs., Div. of Am. Hosp. Supply Corp.*, 60 NY2d 417.) III. The inherent policy contradiction must be resolved in favor of the plaintiff insured. (*Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356; *Ace Wire &*

*Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351; *Miller v Continental Ins. Co.*, 40 NY2d 675; *Dean v Tower Ins. Co. of N.Y.*, 19 NY3d 704; *Israel v Chabra*, 12 NY3d 158; *Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351.) IV. Any argument that plaintiff agreed not to sue is void as against public policy. (*Bersani v General Acc. Fire & Life Assur. Corp.*, 36 NY2d 457.) V. No ordinary business owner would reasonably believe the building had to be rebuilt entirely within two years of the fire or lose insurance coverage, no matter how devastating the fire was. (*Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356; *Cragg v Allstate Indem. Corp.*, 17 NY3d 118; *State Farm Mut. Auto. Ins. Co. v Langan*, 16 NY3d 349; *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390.) VI. A policy that requires the insured to do the impossible offers terms less favorable than the standard fire policy and is not reasonable. (*Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 621; *Lane v Security Mut. Ins. Co.*, 96 NY2d 1; *TAG 380, LLC v ComMet 380, Inc.*, 10 NY3d 507; *1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co.*, 63 NY2d 227; *John J. Kassner & Co. v City of New York*, 46 NY2d 544.)

*Robins, Kaplan, Miller & Ciresi L.L.P.* (*John N. Love*, of the Massachusetts bar, admitted pro hac vice, of counsel) and *Mura & Storm, PLLC*, Buffalo (*Scott Storm* of counsel), for respondent. I. The suit limitation provision in the Peerless Insurance Company policy is based on the New York standard fire policy, and must be construed the same way. (*Fabozzi v Lexington Ins. Co.*, 601 F3d 88.) II. The two-year suit limitation period begins on the date of the fire. (*Proc v Home Ins. Co.*, 17 NY2d 239.) III. The two-year suit limitation is a clear and unambiguous expression of New York's public policy. (*Bargaintown D. C. v Bellefonte Ins. Co.*, 78 AD2d 206, 54 NY2d 700; *Medical Facilities v Pryke*, 62 NY2d 716; *1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co.*, 63 NY2d 227; *Wydallis v United States Fid. & Guar. Co.*, 98 AD2d 642; *Ackerman v Price Waterhouse*, 84 NY2d 535; *Heilbrunn v German Alliance Ins. Co. of N.Y.*, 202 NY 610; *Gregoire v Putnam's Sons*, 298 NY 119; *Windsor Metal Fabrications v General Acc. Ins. Co. of Am.*, 94 NY2d 124.) IV. The *Bakos v New York Cent. Mut. Fire Ins. Co.* (83 AD3d 1485 [4th Dept 2011]) decision of the Appellate Division does not support Executive Plaza, LLC's position. (*Elfenbein v Gulf & W. Indus., Inc.*, 590 F2d 445; *Wynder v McMahon*, 360 F3d 73.) V. The "ordinance or law" provision supports the two-year suit

limitation rather than overruling it. (*Misicki v Caradonna*, 12 NY3d 511; *Devlin v Video Servs. Acquisition*, 188 AD2d 370.) VI. The suit limitation and replacement cost provisions work together. (*Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 621; *County of Columbia v Continental Ins. Co.*, 83 NY2d 618; *Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342; *Israel v Chabra*, 12 NY3d 158; *Jacobson Family Invs., Inc. v National Union Fire Ins. Co. of Pittsburgh, PA*, 102 AD3d 223; *Hartigan v Casualty Co. of Am.*, 227 NY 175; *TAG 380, LLC v ComMet 380, Inc.*, 10 NY3d 507; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470; *Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46, 66 NY2d 1020; *O'Keeffe v City of New York*, 173 NY 474.) VII. The Peerless Insurance Company policy provides terms more favorable than the standard fire policy. (*Woodhams v Allstate Fire & Cas. Co.*, 453 F Appx 108.) VIII. A reasonable business owner would read and understand the policy's two-year suit limitation provision. (*Katz v American Mayflower Life Ins. Co. of N.Y.*, 14 AD3d 195, *affd sub nom. Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561; *Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820; *Medical Facilities v Pryke*, 62 NY2d 716; *1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co.*, 63 NY2d 227; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 46 NY2d 940; *In re Ambassador Group, Inc. Litig.*, 738 F Supp 57; *Cornellier v American Cas. Co.*, 389 F2d 641; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470.)

*Amy Bach*, San Francisco, California, and *Anderson Kill P.C.*, New York City (*William G. Passannante* of counsel), for United Policyholders, amicus curiae. I. The average policyholder would not reasonably expect the replacement cost provision to require replacement of the property within two years. (*Federal Ins. Co. v International Bus. Machs. Corp.*, 18 NY3d 642; *Cragg v Allstate Indem. Corp.*, 17 NY3d 118; *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377; *National Football League v Vigilant Ins. Co.*, 36 AD3d 207; *Bakos v New York Cent. Mut. Fire Ins. Co.*, 83 AD3d 1485; *Becker-Fineman Camps v Public Serv. Mut. Ins. Co.*, 52 AD2d 656.) II. Application of the two-year suit limitations clause to the policyholder's claim for replacement costs creates an ambiguity that must be resolved in favor of the policyholder. (*Campanile v State Farm Gen. Ins. Co.*, 161 AD2d 1052, 78 NY2d 912; *Saks v Nicosia Contr. Corp.*, 215 AD2d 832; *State Farm Mut. Auto. Ins. Co. v Bentley*, 262 AD2d 739; *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321; *Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623; *Burriesci v Paul*

*Revere Life Ins. Co.*, 255 AD2d 993.) III. Allowing insurance companies to deny coverage when policyholders acting reasonably cannot complete repairs within two years is against the purpose of insurance. (*Rubin v Empire Mut. Ins. Co.*, 57 Misc 2d 104, 32 AD2d 1, 25 NY2d 426; *American Home Prods. Corp. v Liberty Mut. Ins. Co.*, 565 F Supp 1485, 748 F2d 760; *Klos v Lotnicze*, 133 F3d 164; *First Fin. Ins. Co. v Allstate Interior Demolition Corp.*, 193 F3d 109; *Eagle Star Ins. Co. v International Proteins Corp.*, 45 AD2d 637, 38 NY2d 861; *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187.) IV. Application of the two-year suit limitation to claims for replacement costs would render replacement cost coverage illusory in violation of public policy. (*Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356; *Matter of Nationwide Mut. Ins. Co. v Davis*, 195 AD2d 561.)

*Wilkofsky, Friedman, Karel & Cummins*, New York City (*Mark L. Friedman* of counsel), for New York Public Adjusters Association, amicus curiae. I. Plaintiff's claim for the replacement cost holdback is governed by the six-year statute of limitations applicable to general contract actions. (*Ditch v Hartford Fire Ins. Co.*, 149 AD2d 957; *City of Poughkeepsie v Black*, 130 AD2d 541; *Guadagno v Colonial Coop. Ins. Co.*, 101 AD2d 947.) II. Executive Plaza, LLC's second lawsuit is timely as it relates back to the first. (*Vastola v Maer*, 48 AD2d 561; *McCarthy v Volkswagen of Am.*, 55 NY2d 543; *Pendleton v City of New York*, 44 AD3d 733.) III. Public policy mitigates against a policyholder being denied policy benefits which were bargained for. (*Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187; *Joseph R. Loring & Assoc. v Continental Cas. Co.*, 56 NY2d 848; *Lyon v Hersey*, 103 NY 264; *Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573.) IV. Peerless Insurance Company's position exemplifies illusory coverage. (*Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356; *Slayko v Security Mut. Ins. Co.*, 183 Misc 2d 688, 98 NY2d 289; *Matter of Nationwide Mut. Ins. Co. v Davis*, 195 AD2d 561; *Brockway-Smith Co. v Greene*, 179 AD2d 922; *Felix Contr. Corp. v Oakridge Land & Prop. Corp.*, 106 AD2d 488; *Tamco Corp. v Federal Ins. Co. of N.Y.*, 216 F Supp 767.) V. The inherent ambiguity in Peerless Insurance Company's policy is manifest. (*Palmieri v Allstate Ins. Co.*, 445 F3d 179; *State of New York v Home Indem. Co.*, 66 NY2d 669; *White v Continental Cas. Co.*, 9 NY3d 264; *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229; *PaineWebber Inc. v Bybyk*, 81 F3d 1193; *Reisman v Coleman*, 193 AD2d 659; *Woods v General Acc. Ins.*, 292 AD2d 802; *Belt Painting Corp. v TIG Ins. Co.*, 100

NY2d 377; *Federal Ins. Co. v International Bus. Machs. Corp.*, 18 NY3d 642; *In re Ambassador Group, Inc. Litig.*, 738 F Supp 57.) VI. The *Bakos v New York Cent. Mut. Fire Ins. Co.* (83 AD3d 1485 [4th Dept 2011]) decision is directly on point and supportive of Executive Plaza, LLC's position. (*Il Cambio, Inc. v U.S. Fid. & Guar. Co.*, 82 AD3d 650.)

### OPINION OF THE COURT

SMITH, J.

This case involves a fire insurance policy that contains a clause limiting the time in which the insured may bring suit under the policy. The limitation period is two years, running from the date of the fire. The policy also says that the insured may recover the cost of replacing destroyed property—but only after the property has already been replaced. Thus, if (as happened in this case) the process of replacing the property takes more than two years, the insured's claim will be time-barred before it comes into existence.

Answering a question from the United States Court of Appeals for the Second Circuit, we hold that such a contractual limitation period, applied to a case in which the property cannot reasonably be replaced in two years, is unreasonable and unenforceable.

## I

Plaintiff owned an office building in Island Park, New York, that was severely damaged in a fire on February 23, 2007. It cost more than a million dollars to restore the building to its previous condition. Plaintiff had $1 million in insurance coverage from defendant, under a policy that gave the insured a choice between the payment of "actual cash value" and "replacement cost." The policy said, however:

> "We will not pay on a replacement cost basis for any loss or damage:

> "(i) Until the lost or damaged property is actually repaired or replaced; and

> "(ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage."

The policy also had a "Legal Action Against Us" clause, saying:

> "No one may bring a legal action against us under this insurance unless: . . .

"b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred."

Defendant paid plaintiff the "actual cash value" of the destroyed building, $757,812.50. Plaintiff notified defendant that it would be making a replacement cost claim up to the $1 million policy limit—i.e., it would be seeking another $242,187.50. Defendant replied that, to collect that amount, plaintiff would have to provide "documentation verifying the completion of repairs."

Plaintiff alleges that it acted reasonably to replace the damaged building, but was not able to do so before the second anniversary of the fire, February 23, 2009. On that date, plaintiff sued defendant in Supreme Court, seeking a declaratory judgment that defendant was liable for replacement costs up to the policy limit. Defendant removed the action to federal court, and successfully moved to dismiss it on the ground that, since plaintiff had not finished replacing the building, the action was premature (*Executive Plaza, LLC v Peerless Ins. Co.*, 2010 US Dist LEXIS 99602 [ED NY, Feb. 8, 2010, No. CV 09-1976]).

The replacement building was completed in October 2010, and plaintiff demanded payment of the unpaid portion of the policy limits. Defendant denied liability on the ground that the two-year period had expired, and plaintiff brought another action, the present one, against defendant in Supreme Court. Defendant again removed the case to federal court and again moved to dismiss. The United States District Court for the Eastern District of New York granted the motion, finding that the policy "unambiguously bars any and all suits commenced more than two years after the date of the damage or loss" (*Executive Plaza, LLC v Peerless Ins. Co.*, 2012 WL 910086, *6, 2012 US Dist LEXIS 36174, *16 [ED NY, Mar. 13, 2012, No. 11-CV-1716 (JS)(GRB)]). The District Court found "that the two-year limitation period in the Policy is reasonable, as New York courts have consistently upheld two-year limitations periods in insurance contracts as reasonable" (2012 WL 910086, *3, 2012 US Dist LEXIS 36174, *9-10).

Plaintiff appealed to the United States Court of Appeals for the Second Circuit, which certified the following question to us:

"If a fire insurance policy contains

"(1) a provision allowing reimbursement of replacement costs only after the property was replaced and

requiring the property to be replaced 'as soon as reasonably possible after the loss'; and

"(2) a provision requiring an insured to bring suit within two years after the loss;

"is an insured covered for replacement costs if the insured property cannot reasonably be replaced within two years?" (*Executive Plaza, LLC v Peerless Ins. Co.*, 717 F3d 114, 118 [2d Cir 2013].)

We accepted certification (21 NY3d 975 [2013]) and now answer the question yes.

## II

"[A]n agreement which modifies the Statute of Limitations by specifying a shorter, *but reasonable*, period within which to commence an action is enforceable" (*John J. Kassner & Co. v City of New York*, 46 NY2d 544, 551 [1979] [emphasis added]). We conclude that the contractual period at issue here—two years from the date of "direct physical loss or damage" (i.e., from the date of the fire)—is not reasonable if, as the Second Circuit's question requires us to assume, the property cannot reasonably be replaced within two years.

It is true, as the District Court pointed out, that there is nothing inherently unreasonable about a two-year period of limitation. In fact, we have enforced contractual limitation periods of one year (*Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820 [1985]; *Sapinkopf v Cunard S.S. Co., Ltd.*, 254 NY 111, 114 [1930]) and six months (*Continental Leather Co. v Liverpool, Brazil & Riv. Plate Steam Nav. Co.*, 259 NY 621 [1932]; *Aron & Co. v Panama R.R. Co.*, 255 NY 513, 519 [1931]; *see also John J. Kassner*, 46 NY2d at 552). The problem with the limitation period in this case is not its duration, but its accrual date. It is neither fair nor reasonable to require a suit within two years from the date of the loss, while imposing a condition precedent to the suit—in this case, completion of replacement of the property—that cannot be met within that two-year period. A "limitation period" that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim. It is true that nothing required defendant to insure plaintiff for replacement cost in excess of actual cash value, but having chosen to do so defendant may not insist on a "limitation period" that renders the coverage valueless when the repairs are time-consuming.

We have found no case in which we have squarely held that an otherwise reasonable limitation period may be rendered unreasonable by an inappropriate accrual date. We think, however, that the law was correctly stated in Judge Crane's dissenting opinion in *Continental Leather Co.*: "[T]he period of time within which an action must be brought . . . should be fair and reasonable, in view of the circumstances of each particular case. . . . The circumstances, not the time, must be the determining factor" (259 NY at 622-623). While that rule was stated in a dissent, the majority, in affirming without opinion, apparently disagreed not with the principle but with its application to the case. The Appellate Division opinion that we affirmed in *Continental Leather* stated essentially the same rule in saying that the issue was whether the plaintiff had "a reasonable opportunity to commence its action within the period of limitation" (*Continental Leather Co. v Liverpool, Brazil & Riv. Plate Steam Nav. Co., Ltd.*, 234 App Div 386, 387 [2d Dept 1932]).

*Blitman* also supports our holding here. In that case, we enforced an agreed-upon 12-month limitation period, rejecting the insured's argument that it was "commercially unreasonable" under the circumstances (66 NY2d at 823). But in doing so, we pointed out that the policy enabled the insured to "protect itself by . . . beginning an action before expiration of the limitation period" (*id.*). Here, the insured did begin an action on the last day of the limitation period—and the insurer successfully argued that that action was brought too soon. It is unreasonable for it now to say, as it in substance does, that a day later would have been too late.

Accordingly, the question certified should be answered in the affirmative.

Chief Judge Lippman and Judges Graffeo, Read, Pigott, Rivera and Abdus-Salaam concur.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the affirmative.