Wechsler v. HSBC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand seventeen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         JOSÉ A. CABRANES,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
DONALD WECHSLER,
         Plaintiff-Appellant,

         -v.-                                        16-1620

HSBC BANK USA, N.A.,
         Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            BROCK SPECHT (with Kai H.
                          Richter on the brief), Nichols
                          Kaster, PLLP, Minneapolis, MN.

FOR APPELLEES:            LOUIS SMITH (with Rebecca Zisek
                          on the brief), Greenberg
                          Traurig, LLP, Florham Park, NJ.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Donald Wechsler appeals from the judgment of the United States District Court for the Southern District of New York (Furman, J.), dismissing as untimely his complaint against HSBC Bank USA, N.A. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Wechsler claims that HSBC improperly charged maintenance fees on his savings account. He alleges breach of contract and violations of the New York Deceptive Practices Act ("NYDPA").

The parties agree that the following clause (the "Limitations Clause") purports to apply to Wechsler's account:

> You agree to make any claim or bring any legal action relating to the Bank's handling of your account . . . within one (1) year of the date the problem occurred . . . . You agree that if the problem involves a series of events, such as a number of forgeries over a period of time, then the date the first event occurred shall be the date by which the period to make any claim or bring any legal action shall begin to run.

J. App'x at 98. Because Wechsler's first overcharge occurred on January 31, 2014, and he did not file his lawsuit until July 28, 2015, the district court held that the Limitations Clause made Wechsler's claim untimely, and granted HSBC's motion to dismiss. We review de novo a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Faulkner v. Beer, 463 F.3d 130, 133 (2d Cir. 2006).

1. "An agreement which modifies the Statute of Limitations by specifying a shorter, *but reasonable*, period within which to commence an action is enforceable." Executive Plaza, LLC v. Peerless Ins. Co., 22 N.Y. 3d 511,

518 (2014) (quoting <u>John J. Kassner & Co. v. City of New York</u>, 46 N.Y.2d. 544, 551 (1979)) (alteration omitted).[1] Reasonableness is considered "in view of the circumstances of each particular case." <u>Id.</u> at 519. In general, New York courts have found one-year limitations clauses to be reasonable. <u>See</u> <u>Corbett v. Firstline Sec., Inc.</u>, 687 F. Supp. 2d 124, 128 (E.D.N.Y. 2009) (collecting cases). Nonetheless, Wechsler argues that the circumstances of this case would render application of the Limitations Clause to his claim unreasonable.

Specifically, Wechsler contends that application of the Limitations Clause would allow HSBC to continue to levy illegal maintenance fees, and Wechsler would not be able to sue to stop these future violations. That might be, but the limitation on suit to which Wechsler agreed is not unreasonable. Nothing prevented Wechsler from filing his lawsuit within a year of the first maintenance fee. Indeed, Wechsler concedes that he called HSBC to complain about the maintenance fees within the one-year limitations period, and that the bank asserted that it had the right to assess such fees. Soon after this call, HSBC assessed another maintenance fee on Wechsler's account. That charge occurred a month before the year expired. We fail to see any unique circumstance in this case that would defeat the normal rule that one-year limitation periods are reasonable.

2. Wechsler argues that the Limitations Clause should not be measured from the first overcharge (January 2014) because HSBC did not charge him a maintenance fee for a three-to-five month period in the middle of his one-year window for filing suit. This gap, Wechsler contends, made it unclear whether his maintenance fees were a "series of events" within the meaning of the Limitations Clause. If they were not, Wechsler argues, his claims would be timely.[2]

---

[1] The parties agree that New York law governs the dispute.

[2] The parties dispute the scope of this argument and whether Wechsler failed to raise it in the district court, thereby forfeiting it on appeal. <u>See</u> <u>Singleton v. Wulff</u>, 428 U.S. 106, 120 (1976). Because we reject Wechsler's argument on the merits, we need not consider whether it was forfeited.

3

There is no such lack of clarity.  The fee was first charged to Wechsler in January 2014.  In December 2014, he called HSBC to complain about identical charges that had occurred in the interim.  During that call, HSBC asserted its right to assess such fees, and the bank charged Wechsler again approximately one week later.  The charges obviously are all part of a single "series of events" that first began in January 2014.  Wechsler failed to bring suit within a year of that first charge, and he consequently lost his right to challenge the maintenance fees in court.

For the foregoing reasons, and finding no merit in Wechsler's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4