21-1967-cv (L)
*Sportsinsurance.com, Inc. v. The Hanover Insurance Company, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            BETH ROBINSON,
                    *Circuit Judges.*

_____

SPORTSINSURANCE.COM, INC.,

          *Plaintiff-Appellee-Cross-Appellant,*                     21-1967-cv (L)
                                                                    21-2063-cv (XAP)
                v.

THE HANOVER INSURANCE COMPANY, INC.,

          *Defendant-Appellant-Cross-Appellee.*

_____

FOR PLAINTIFF-APPELLEE-CROSS-APPELLANT:    GEORGE J. VOGRIN (Michael J. Frimet, *on the brief*), Vogrin & Frimet LLP, New York, NY.

FOR DEFENDANT-APPELLANT-CROSS-APPELLEE:    EDWARD J. KIRK (Scott Schwartz, *on the brief*), Clyde & Co US LLP, New York, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED IN PART AND REVERSED IN PART**. Defendant-Appellant-Cross-Appellee's motion to dismiss the cross-appeal is **DENIED**. Plaintiff-Appellee-Cross-Appellant's motion for judicial notice is **DENIED**.[1]

Defendant-Appellant-Cross-Appellee The Hanover Insurance Company, Inc. ("Hanover") and Plaintiff-Appellee-Cross-Appellant Sportsinsurance.com, Inc. ("Sportsinsurance") each appeal from the District Court's order granting in part and denying in part Hanover's motion to dismiss Sportsinsurance's complaint. In January 2016, Sportsinsurance discovered that Kenza El Baroudi ("Baroudi"), its Chief Financial Officer, was embezzling from the company. Sportsinsurance believed Baroudi's embezzlement constituted a loss under an insurance policy ("Policy") it held with Hanover, and it accordingly submitted a claim under the Policy. In January 2017, Hanover denied the claim. Sportsinsurance did not at that time sue Hanover under the Policy. Instead, Sportsinsurance pursued a legal action against Baroudi in Quebec, Canada. In July 2019, the Canadian court found that Baroudi had "wrongfully misappropriated" money from Sportsinsurance. Armed with this judgment, in October 2019, Sportsinsurance submitted a second claim to Hanover. Hanover once again denied it. At that point, in March 2020, Sportsinsurance sued Hanover. Sportsinsurance alleged, *inter alia*, that Hanover breached both the express terms of the Policy and the implied covenant of good faith and fair dealing.

The District Court dismissed Sportsinsurance's breach of contract claim as time-barred by the Policy's contractual limitations provision ("Limitations Provision"), which required Sportsinsurance to bring any action "involving loss" within two years "from the date . . . [it] 'discovered' the loss." A-32. The District Court denied Hanover's motion to dismiss a claim for breach of the implied covenant of good faith and fair dealing. It found that, among other things, the implied covenant claim was not subject to the Limitations Provision because it did not "involve loss." Hanover appeals the District Court's denial of its motion to dismiss the implied covenant

---

[1] While this appeal was pending, Sportsinsurance.com, Inc. ("Sportsinsurance") moved this Court to take judicial notice of a September 24, 2021 judgment of the Quebec Court of Appeals. Although we may take "judicial notice of documents that are not part of the record on appeal," *Dixon v. von Blanckensee*, 994 F.3d 95, 102 (2d Cir. 2021), we will not take judicial notice of documents that are "not relevant to our analysis." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994); *see also United States v. Halvon*, 26 F.4th 566, 571 n.2 (2d Cir. 2022); *United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir. 1998). The Quebec Court of Appeals' judgment is irrelevant to our analysis in this order because it has no impact on whether Sportsinsurance's claims are time-barred. We therefore deny Sportsinsurance's motion.

claim.  In turn, Sportsinsurance appeals the District Court's dismissal of its breach of contract claim.[2]

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.  "We review the dismissal of a complaint *de novo*, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010).

## I.

A preliminary issue is whether we can review the question raised in Sportsinsurance's cross-appeal—namely, whether the District Court properly dismissed the breach of contract claim.  Hanover asserts that the cross-appeal must be dismissed because Sportsinsurance failed to receive leave to file it.  We disagree.

The District Court certified for interlocutory appeal both the motion to dismiss order and a subsequent motion for reconsideration order.  Thereafter, Hanover timely petitioned for, and received, leave to file an interlocutory appeal from those orders.  Under 28 U.S.C. § 1292(b), "we may assume jurisdiction over the entire order [certified], not merely over the question as framed by the district court." *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008)).  "As a result, we 'may address any issue fairly included within the certified order.'" *Doninger v. Niehoff*, 642 F.3d 334, 338 n.2 (2d Cir. 2011) (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)).  The breach of contract claim is, without a doubt, fairly included within the certified order.  There is thus no impediment to our review of the order.[3]

---

[2] The parties also join issue on whether the District Court erred in not considering certain letters that Hanover attached as exhibits to its motion to dismiss.  We need not decide whether the letters are incorporated into the complaint.  Even without considering the letters, we conclude that Sportsinsurance's claims are time-barred.

[3] Hanover relies on our 1992 opinion in *Tranello v. Frey*, 962 F.2d 244 (1992), in which we held that a party's "failure to file the petition for permission to cross-appeal within the time provided is a jurisdictional defect, barring this Court from hearing [its] cross-appeal." *Id.* at 248.  Hanover's reliance on *Tranello* is misplaced for at least two reasons.  First, *Tranello* is factually distinguishable because in that case the would-be cross-appellant did not timely file its petition.  Here, Sportsinsurance timely *filed* a petition, it simply did not receive express permission to proceed with it. *See* Answer and Cross-Petition of Sportsinsurance.com, Inc. for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), *Sportsinsurance.com, Inc. v. The Hanover Ins. Co.*, No. 21-1077 (2d Cir. May 3, 2021), ECF No. 12.  Second, and perhaps more importantly, we have since clarified that "the requirement of a cross-appeal is a rule of practice which is not jurisdictional and in appropriate circumstances may be disregarded." *Texport Oil Co. v. M/V AMOLYNTOS*, 11 F.3d 361, 366 (2d Cir. 1993), *overruling on other grounds recognized by Rationis Ents. Inc. of Panama v. Hyundai Mipo Dockyard Co., Ltd.*, 426

3

Because we have jurisdiction to review the breach of contract claim, the question becomes whether we will exercise our discretion to do so. We conclude that, in the circumstances of this case, addressing Sportsinsurance's cross-appeal will promote judicial and litigant efficiency without prejudicing either party. It is true that we did not grant Sportsinsurance's petition; for that matter, we never expressly denied it. In any event, persuasive authority advises that the "interlocutory character of § 1292(b) appeals may warrant a more relaxed approach to cross-appeal requirements," and that "[t]he court of appeals should be concerned only that all parties have had adequate notice of all issues to be argued and decided, and that the record affords a secure basis for decision." 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3929 (3d ed.); *see also* 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3904 (2d ed.). As evidenced by the extensive appellate briefing on the breach of contract claim, Hanover had adequate notice of the issues to be decided. We are likewise satisfied that the "record affords a secure basis for decision." *See* 16 Wright & Miller, *supra*, § 3929.

Having reviewed all of Hanover's arguments in its motion to dismiss the cross-appeal and found them to be without merit, we are satisfied that Hanover's motion should be **DENIED**.[4]

---

F.3d 580 (2d Cir. 2005); *see also Clubside, Inc. v. Valentin*, 468 F.3d 144, 162 (2d Cir. 2006) ("We have, in our discretion, disregarded a party's day-late notice of cross-appeal in certain circumstances.").

[4] We note that our sister circuits have not uniformly assessed the impact of a non-compliant cross-appeal in the context of a Section 1292(b) appeal. *Compare Munroe v. Cont'l W. Ins. Co.*, 735 F.3d 783, 789 (8th Cir. 2013) (finding that a party's "failure to timely file their cross petition does not preclude review of" the issue raised by a cross-appeal), *and Tristani ex rel. Karnes v. Richman*, 652 F.3d 360, 366 (3d Cir. 2011) (holding that "when an appellant has timely sought and received leave to appeal . . . [a] cross-appellant [is not] obligated to separately seek permission to appeal"), *with Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011) (declining to determine "with finality whether a party's failure to cross-appeal pursuant to Rule 5(b)(2) curtails the jurisdictional scope of our review on interlocutory appeal because . . . we decline to exercise any discretion we may have to review the additional issues that [the party] raises"); *Roth v. King*, 449 F.3d 1272, 1283 (D.C. Cir. 2006) (declining to "resolve these knotty issues raised in connection with § 1292(b) and Rule 5" because "[t]he one thing that is clear here is that any review of appellees' purported cross-appeal is at most discretionary . . . . [and] [g]iven the record at hand, we decline to exercise any discretion that we might have"), *and Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1367 n.44 (11th Cir. 2002) (observing that a "plaintiff's failure to cross-appeal violates the requirement of Fed. R. App. P. 5(b)(2) and means that the plaintiffs have not preserved this issue for appeal"), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

4

## II.

We thus turn to the question of whether the breach of contract claim is time-barred and thus subject to dismissal. We conclude that it is.

"[A]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable." *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 551 (1979).[5] "[G]eneric language" in an insurance policy's contractual limitations period is construed as "start[ing] the clock not at the time of the accident itself but only once 'the right to bring an action exists.'" *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 90–91 (2d Cir. 2010) (quoting *Steen v. Niagara Fire Ins. Co.*, 89 N.Y. 315, 323 (1882)) (concluding that the language "within two years after the date of loss" is generic). That default rule gives way if a policy contains "exceptionally clear language" that, for example, "fixes the limitations period to the date of the accident." *Id.* at 91 (providing "after the inception of the loss" as an example of exceptionally clear language).

The Limitations Provision here provides:

"You may not bring any legal action against us involving loss:

(1) Unless you have complied with all the terms of this policy;
(2) Until 90 days after you have filed proof of loss with us; and
(3) Unless brought within 2 years from the date you 'discovered' the loss."

A-32. Importantly, and in relevant part, the Policy defines "discovered" as "the time when [Sportsinsurance] first become[s] aware of facts which would cause a reasonable person to assume that a loss of a type covered by this policy has been or will be incurred." A-35. That specific definition fixes the Limitations Provision's commencement to when Sportsinsurance reasonably knew it had or would suffer a loss. This is the type of "especially clear language" which displaces the default rule. *See Fabozzi*, 601 F.3d at 91. The contractual limitations period commenced in January 2016 when Sportsinsurance "discovered" Baroudi's "frauds and thefts." A-12.

Further, this Limitations Provision is not unreasonable. New York courts will enforce only contractual limitations periods that are "fair and reasonable, in view of the circumstances of each

---

[5] Before the District Court, the parties assumed that New York law applies to the Policy, which does not include a choice-of-law provision. They do not on appeal challenge the District Court's conclusion that under New York's choice of law rules, because Sportsinsurance's principal place of business is in New York, New York law applies to our interpretation of the Policy. *See Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 822 N.Y.S.2d 30, 35–36 (1st Dep't 2006), *aff'd*, 9 N.Y.3d 928 (2007).

particular case." *Exec. Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 519 (2014) (internal quotation omitted). "[T]here is nothing inherently unreasonable about a two-year period of limitation." *Id.* at 518. That said, courts have found periods unreasonable if the policy made it effectively impossible for the insured to timely sue. *See, e.g., id.* (finding two-year limitation period unreasonable where "a condition precedent to the suit . . . [could not] be met within that two-year period").

Sportsinsurance argues that the Limitations Provision here is unreasonable because it requires that Sportsinsurance (1) "compl[y] with the terms" of the Policy and (2) not bring suit until "90 days after it filed its proof of loss," which it had to file within 120 days of discovering the loss. These requirements did not prevent Sportsinsurance from timely suing. Sportsinsurance "discovered" the loss in January 2016. A-12. By January 2017, Hanover had investigated and "denied" Sportsinsurance's claim. A-13. Sportsinsurance had a full year to bring a legal action against Hanover. It did not. The Limitations Provision is fair and reasonable and thus enforceable.

In a final effort to evade the Limitations Provision, Sportsinsurance argues that Hanover is either estopped from enforcing or waived the Limitations Provision. The only supporting allegation Sportsinsurance offers is that "[t]hroughout its investigation, Hanover claimed that it remained available to consider any additional information should new information come to light." A-14; Sportsinsurance Op. Br. at 38–39. This is not the kind of "clear manifestation of intent by [Hanover] to relinquish the protection of the contractual limitations period" necessary to invoke the principle of waiver. *Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 N.Y.2d 966, 968 (1988). It is also not the type of "conduct [that] lulled [Sportsinsurance] into sleeping on its rights under the insurance contract" and thus make it possible for Sportsinsurance to invoke estoppel. *Id.* The bare allegation that Hanover stated it was open to additional information cannot carry Sportsinsurance's estoppel or waiver arguments to forestall affirmance of the District Court's order dismissing the breach of contract claim.

### III.

Hanover argues that the implied covenant claim must be dismissed because it is either time-barred by the Limitations Provision or, in the alternative, it is duplicative of the breach of contract claim. We need not reach Hanover's duplicative claim argument because we find that the implied covenant claim is indeed time-barred.

The question presented is whether the implied covenant claim is time-barred because it "involves loss." Sportsinsurance argues that "loss," an undefined term, is ambiguous and could "conceivably mean either 'the occurrence for which the insured seeks coverage'—here, the embezzlement—or 'the occurrence for which the insured seeks coverage and any events that occur as a result and cause damage to the insured.'" Sportsinsurance Op. Br. at 27–28 (quoting A-155). Invoking the rule that ambiguities in an insurance policy are construed in favor of the insured, Sportsinsurance urges that loss "must be construed to mean 'the occurrence for which the insured

6

seeks coverage,'" and that we "must find that the term only refers to the embezzlement." *Id.* at 28 (quoting A-155).

We assume without deciding that "loss" is ambiguous. Even adopting Sportsinsurance's proffered meaning of loss, the implied covenant claim is still time-barred. Sportsinsurance alleges that Hanover breached the implied covenant by "(a) mishandling the claim; (b) delaying payment of the claim; and (c) claiming without basis in fact that Sportsinsurance intentionally misrepresented and concealed material facts regarding an alleged Second Employment Agreement with Baroudi." A-16–17. Each of these purported breaches "involve" "the occurrence for which [Sportsinsurance] seeks coverage," Baroudi's embezzlement. *See* Sportsinsurance Op. Br. at 28. "We have consistently interpreted the term 'involve' broadly." *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010). The first two breaches "involve" Baroudi's embezzlement because the embezzlement is the basis for the claim under the Policy. The third also "involve[s]" Baroudi's embezzlement because, according to the complaint, Baroudi used the Second Employment Agreement to accomplish the embezzlement. A-12–13.

Each purported breach of the implied covenant involves loss as defined by Sportsinsurance. The implied covenant claim is thus time-barred. We accordingly **REVERSE** and **DISMISS** the claim that Hanover breached the implied covenant of good faith and fair dealing.

## IV.

Sportsinsurance also seeks a declaratory judgment that the Policy "provides full insurance coverage for all losses caused by Baroudi as well as for the expense incurred by Sportsinsurance in the Canadian Action." A-18. The District Court did not separately analyze this claim, and it did not dismiss it. A-158 n.10 (noting that the declaratory judgment claim had not been dismissed). The declaratory judgment action is **DISMISSED** as time-barred because it involves "loss" as Sportsinsurance defined that term.

## CONCLUSION

To summarize:

(1) We **DENY** Hanover's motion to dismiss the cross-appeal.
(2) We **DENY** Sportsinsurance's motion for judicial notice of the Quebec Court of Appeal's September 24, 2021 judgment.

Having reviewed all of the remaining arguments raised by Sportsinsurance on appeal and found them to be without merit, we

(3) **AFFIRM** the District Court's dismissal of the breach of contract claim;

7

(4) **REVERSE** the District Court's denial of Hanover's motion to dismiss the breach of the implied covenant of good faith and fair dealing claim; and

(5) **DISMISS** the declaratory judgment claim.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court