Interpublic Group of Cos., Inc. v National Union Fire Ins. Co. of Pittsburgh, PA (2023 NY Slip Op 50703(U))

[*1]

Interpublic Group of Cos., Inc. v National Union Fire Ins. Co. of Pittsburgh, PA

2023 NY Slip Op 50703(U)

Decided on July 11, 2023

Supreme Court, New York County

Borrok, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2023
Supreme Court, New York County

The Interpublic Group of Companies, Inc., Plaintiff,

against
National Union Fire Insurance Company of Pittsburgh, PA, 
 WESTCHESTER FIRE INSURANCE COMPANY, Defendant.

Index No. 652651/2022

Plaintiffs by:
McCarter & English, LLP, 100 Mulberry Street, Four Gateway Center, Newark, NJ 07102
Defendants by:
Gordon & Rees, LLP, One Battery Park Plaza, 28th Floor, New York, NY 10004
DLA Piper US LLP, 1251 Avenue of the Americas, 45th Floor, New York, NY 10020

Andrew Borrok, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 7, 8, 9, 10, 11, 12, 13, 14, 15, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 87 were read on this motion to/for DISMISS.
The following e-filed documents, listed by NYSCEF document number (Motion 003) 24, 25, 26, 27, 28, 29, 30, 31, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86 were read on this motion to/for DISMISS.
National Union Fire Insurance Company of Pittsburgh, PA's (National Union) motion to dismiss (Mtn. Seq. No. 002) is denied as moot because the case as against them was discontinued with prejudice by stipulation dated June 13, 2023 (NYSCEF Doc. No. 90).
Westchester Fire Insurance Company's (the Excess Carrier) motion to dismiss (Mtn. Seq. No. 003) is granted and the amended complaint is dismissed without prejudice. As relevant, the parties expressly agreed that in order for the Interpublic Group of Companies, Inc. (IPG) to file a lawsuit under the Excess Carrier's excess follow-form policy, they had to comply with certain conditions precedent:
Notwithstanding the section of the General Provisions entitled Legal Proceedings, no action shall lie against the Company unless, as a condition precedent thereto: (i) the Insured has complied with all the terms and conditions of this policy; (ii) 90 days have elapsed after the date the required proof of loss was filed with the Company; and (iii) such action is commenced within two years after knowledge or discovery of the loss
(NYSCEF Doc. No. 9, Endorsement 18). 
It is undisputed that IPG did not file suit until after such two-year agreed upon contract limitation period had elapsed. 
Notwithstanding this agreed upon requirement, IPG indicates that it reasonably relied on the fact that the Excess Carrier would not hold them to the bargained for contractual limitations period in Endorsement 18 because the Excess Carrier requested information that IPG could not provide given the Department of Justice (DOJ) investigation. Additionally, IPG argues that the Excess Carrier acted in bad faith in waiting until after the contractual limitations period for bringing suit had elapsed before notifying them that the Excess Carrier intended to hold them to the terms of the contract. Based on this, they argue, among other things, that the Excess Carrier should be estopped from denying coverage. 
In addition, relying on Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d 511 (2014), IPG argues that they tried to but could not comply with the terms of Endorsement 18 and that, as such, the precondition to bringing suit was not satisfied. Stated differently, they argued on the record that they could not comply with both clauses (i) and (iii) of Endorsement 18. As discussed on the record, however, they appear to have brought suit prior to providing the information requested by the Excess Carrier and nothing in the amended complaint explains how they now satisfy the preconditions that they allege prevented them from doing so previously. To wit, they simply fail to explain why they did not bring suit and indicate that to the extent the information was in their position, they had provided everything available to the Excess Carrier and that only the information not yet made available by the DOJ or that the Excess Carrier specifically asked them not to obtain was not provided. Under those circumstances, presumably they would have updated the Excess Carrier as more information became available and suit could have been brought within the required two year period. In addition, they fail to allege any basis upon which they failed to obtain an agreement from the Excess Carrier to extend the time set forth in the contact for bringing suit. Stated differently, they fail to allege why they were able to bring suit when they brought suit and why bringing suit at the time they did complied with the preconditions that they say prevented them from suing previously. Lastly, the amended complaint fails to identify a factual predicate event (i) for Aurora Tulshan's alleged reasonable reliance (NYSCEF Doc. No. 79) or (ii) which necessarily suggested that the contractual provision would not be enforced such that the Excess Carrier should be estopped from asserting it in this case.
As discussed on the record (7.11.23), IPG may file an amended pleading no later than September 12, 2023. In so doing, it will be incumbent upon IPG to address the issues discussed both in this order and more fully on the record. Should they fail to replead by such date, dismissal shall be with prejudice.
It is hereby ORDERED that National Union's motion to dismiss is denied as moot; and it is further
ORDERED that the Excess Carrier's motion to dismiss is granted and the amended complaint is dismissed without prejudice; and it is further
ORDERED that IPG shall file an amended complaint by September 12, 2023; and it is further
ORDERED that, if IPG fails to timely file an amended complaint, this action shall be dismissed with prejudice; and it is further
ORDERED that Excess Carrier shall respond to any new amended complaint within 45 days of the date the amended complaint is filed; and it is further
ORDERED that counsel for IPG shall obtain a copy of the transcript (7.11.23) and shall have it uploaded to NYSCEF.
DATE 7/11/2023
ANDREW BORROK, J.S.C.