Filasky v Andover Cos. (2024 NY Slip Op 04545)

Filasky v Andover Cos.

2024 NY Slip Op 04545

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06388
 (Index No. 614012/21)

[*1]Peter L. Filasky, et al., appellants,
v
Andover Companies, et al., respondents.

Blodnick, Fazio & Clark, P.C., Garden City, NY (Edward K. Blodnick and Steven M. Fink of counsel), for appellants.
Goetz Schenker Blee & Wiederhorn LLP, New York, NY (Jeffrey M. Rubinstein of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 14, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint is denied.
In February 2015, the plaintiffs' home allegedly sustained substantial fire damage. It is undisputed that at the time of the fire, the plaintiffs were insured by the defendant Cambridge Mutual Fire Insurance Company. In November 2021, the plaintiffs commenced this action against the defendants to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. The plaintiffs asserted that the defendants' insurance adjuster, as an agent of the defendants, improperly authorized the release of holdback monies to the fire restoration contractor despite the failure to conduct a required final inspection of the premises. The plaintiffs alleged that the contractor's work was defective and that the premature release of the holdback monies contributed to the contractor's refusal to remediate the defective construction.
The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiffs appeal.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of [establishing], prima facie, that the time in which to sue has expired" (Morrow v Vibration Mountings & Controls, Inc., 223 AD3d 736, 737-738 [internal quotation marks omitted]; see Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778). "The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising a question of fact as to whether such an exception applies, or as to whether the cause of action [*2]was interposed within the applicable statute of limitations" (Morrow v Vibration Mountings & Controls, Inc., 223 AD3d at 738 [internal quotation marks omitted]; see Kogut v Village of Chestnut Ridge, 214 AD3d at 778-779).
"Article 2 of the CPLR ('Limitations of Time'), provides that '[a]n action . . . must be commenced within the time specified in this article unless . . . a shorter time is prescribed by written agreement'" (Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 971, quoting CPLR 201). "'[A]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable'" (Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d 511, 518 [emphasis omitted], quoting John J. Kassner & Co. v City of New York, 46 NY2d 544, 551). "'[T]he period of time within which an action must be brought . . . should be fair and reasonable, in view of the circumstances of each particular case. . . . The circumstances, not the time, must be the determining factor'" (Stonewall Contr. Corp. v Long Is. Rail Rd. Co., 186 AD3d 640, 642, quoting Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 519 [internal quotation marks omitted]). "'Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced'" (id., quoting State of Narrow Fabric, Inc. v UNIFI, Inc., 126 AD3d 881, 883).
The Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint. Contrary to the defendants' contentions, the modified limitations period in the subject insurance policy was not fair and reasonable. The insurance policy provided that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss" and that "[w]e will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss." Here, the one-year limitation was unreasonable since the condition precedent, completion of actual repair or replacement, was not within the plaintiffs' control and could not be met within that period (see Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 518-519). "'A "limitation period" that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim'" (D & S Restoration, Inc. v Wenger Constr. Co., Inc., 160 AD3d 924, 926, quoting Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 518).
Nor did the defendants establish, prima facie, that the action was barred by the statute of limitations (see CPLR 3211[a][5]). The statute of limitations for a cause of action alleging breach of contract is six years (see id. § 213[2]). "[A] breach of contract cause of action accrues at the time of the breach" (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402; see Morrow v Vibration Mountings & Controls, Inc., 223 AD3d at 738). A cause of action alleging breach of the implied covenant of good faith and fair dealing is also governed by a six-year statute of limitations (see P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d 1, 29; Henry v Bank of Am., 147 AD3d 599, 600). The statute of limitations for an action based upon fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]). Here, the defendants failed to establish, prima facie, that the six-year statute of limitations had expired on the causes of action (see Morrow v Vibration Mountings & Controls, Inc., 223 AD3d at 738). Contrary to the defendants' contention, the causes of action did not accrue on the date of the fire. Rather, the causes of action accrued on the date of the alleged breach and fraudulent conduct. The plaintiffs alleged that the breach and fraudulent conduct occurred on January 27, 2016, the date the inspection allegedly took place. Accordingly, the action is not time-barred.
The defendants' remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court